UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BRAMMER OPERATING CO., LLC | CIVIL ACTION NO. 07-1062 |
| VERSUS | JUDGE STAGG |
| PATHFINDER EXPLORATION, LLC, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Brammer Operating Company, LLC ("Brammer"), a Shreveport company, is the designated operator of several wells in Oklahoma. The rights and responsibilities of Brammer and the mineral interest owners are set forth in six operating agreements executed by the relevant parties or their predecessors in interest.

Brammer filed a collection suit in a Louisiana state court against four of the mineral interest owners who are parties to one or more of the operating agreements. Brammer alleged that it had provided services for which it was entitled to compensation. The owners of larger interests had paid their allocated share, but according to Brammer, the four defendants had failed to pay several thousand dollars owed under the operating agreements. The named defendants are Pathfinder Exploration, LLC; CDX Gas, LLC; Mark J. Rumsey; and DNN Investments, LLC.

Defendants removed the case based on an assertion of diversity jurisdiction. They then filed a Motion to Dismiss (Doc. 14) on the grounds that the court lacks personal

jurisdiction over Defendants. The motion requests, in the alternative, that the court compel arbitration under the terms of the operating agreements or, in the further alternative, that venue be transferred to the Eastern District of Oklahoma.

Defendants offer affidavits to the effect that they maintain no property, business operations or other continuous or systematic contacts with Louisiana. They add that the operating agreements called for services to be performed by Brammer in Oklahoma, not Louisiana. Defendants urge that they lack minimum contacts with Louisiana, so that this court lacks personal jurisdiction over them in connection with this litigation. With respect to arbitration, each affiant testifies that they have not received a demand for arbitration, but they deny waiving their right to arbitrate. Defendants state at page 24 of their memorandum: "Defendants demand arbitration in this matter and the claims and issues underlying this lawsuit are arbitrable under the terms of the JOA."

Brammer stated in response to the motion that it agreed to arbitrate the claims that it asserted in this civil action. Brammer asked that the court stay this suit pending a resolution of the arbitration proceedings. It took the position that the personal jurisdiction and venue issues were moot in light of its agreement to arbitrate. Defendants responded that the personal jurisdiction issue was still on the table because the court could not compel arbitration if it lacks jurisdiction over Defendants.

**The Arbitration Provisions**

Each of the six operating agreements at issue contain one of two forms of arbitration provisions. Both forms include an agreement that the arbitration will be held in Shreveport. The first form contains both a mediation and arbitration provision. It states that either party, before or after the institution of any legal proceedings, may submit a dispute to non-binding mediation that "shall be conducted in Shreveport, Louisiana" before a mediator chosen by the parties or otherwise selected under the terms of the agreement. The parties also have the right, before or after submission of any dispute to mediation, to demand that the dispute be submitted to binding arbitration before a three-arbitrator panel. The agreement provides: "Arbitration proceedings shall be conducted in Shreveport, Louisiana."

Some of the operating agreements contain a second form of agreement regarding arbitration. It does not provide a mechanism to demand mediation, and the arbitration is to be held before a single arbitrator. If the parties are unable to agree on the arbitrator, "the Chief Judge for the First Judicial District Court, Caddo Parish, Louisiana shall appoint an attorney to serve as the arbitrator ... ." All hearings before the arbitrator "shall be held in Shreveport, Louisiana" and all motions of a judicial nature that are filed in connection with the arbitration "shall be filed only in the District Court of Caddo Parish, Louisiana."

**Personal Jurisdiction Analysis**

Had Defendants agreed not only to arbitrate but to litigate in Shreveport, there would be little doubt that their objections to personal jurisdiction and venue would fail. That is

because "[a] forum selection provision in a written contract is *prima facie* valid and enforceable unless the opposing party shows that enforcement would be unreasonable." Kevlin Services, Inc. v. Lexington State Bank, 46 F.3d 13, 15 (5th Cir. 1995) (reversing district court that granted motion to dismiss for lack of personal jurisdiction when the movant had contractually agreed to the forum).  The grounds upon which unreasonableness may be established are quite limited, and the party resisting enforcement bears a heavy burden. Haynsworth v. The Corporation, 121 F.3d 956, 963 (5th Cir. 1997); Total Petrochemicals USA, Inc. v. PCL Packaging, Inc., 2007 WL 2300497 (S.D. Tex. 2007) (denying motion to dismiss for lack of personal jurisdiction when contract sued on contained a forum selection clause).

This case does not present a forum selection clause of the nature at issue in the cited cases.  Defendants did not agree to litigate in this forum, but they did agree to arbitrate in this forum, and that is a significant contact with Louisiana.  "When a party agrees to arbitrate in a particular state, via explicit or implicit consent, the district courts of the agreed upon state may exercise personal jurisdiction over the parties for the limited purpose of compelling arbitration." Armstrong v. Associates International Holdings Corp., 242 Fed. Appx. 955, 957 (5th Cir. 2007).

Brammer has disclaimed any interest in pursuing its lawsuit and has requested arbitration in accordance with the terms of the relevant operating agreements.  Defendants object to the court's exercise of personal jurisdiction over them.  The court might lack

jurisdiction over Defendants for the purposes of ordinary litigation, but the court is satisfied that it has jurisdiction, pursuant to Defendant's agreement to arbitrate in Shreveport, to issue an order compelling that arbitration. Neither party contests that the claims at issue are within the scope of the arbitration agreements.

**Dismissal Is Appropriate**

The terms of 9 U.S.C. § 3 provide that a stay is mandatory upon a showing that the opposing party has commenced suit on an issue referable to arbitration under a written agreement, but this rule does not prevent a court from totally dismissing a case in the proper circumstances. If "all issues raised in [an] action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose." Alford v. Dean Witter Rentals, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992). See also Fedmet Corp. v. M/V Buyalyk, 194 F.3d 674, 678 (5th Cir. 1999).[1]

All claims presented by Brammer in its lawsuit are subject to arbitration, and Brammer has not articulated any reason for the court to maintain this case with an indefinite stay until such time as the arbitrations might be completed. One of the forms of agreement calls for court involvement if the parties cannot agree to an arbitrator, but it specifies that the action is to be taken by the Chief Judge of the First Judicial District Court and that any

---

[1] Merely staying the case, even when there is nothing left to do in the district court and the matter is administratively closed, likely precludes any appeal from the decision. South Louisiana Cement, Inc. v. Van Aalst Bulk Handling, B.V., 383 F.3d 297 (5th Cir. 2004).

motions in connection with the arbitration be filed "only" in that court. Under these circumstances, a dismissal without prejudice to the right to pursue the claims in arbitration is appropriate.

Accordingly;

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 14)** be **granted** by the entry of a judgment that provides as follows: The parties are ordered to submit to and participate in arbitration(s), in accordance with the terms and provisions of the relevant operating agreements entered into between the parties, of all claims asserted in this civil action, which civil action is dismissed without prejudice to the right to pursue the claims in arbitration.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 31st day of January, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE